**Lizzie K. MAYFIELD, Appellant,**

v.

**R. James NICHOLSON, Secretary
of Veterans Affairs, Appellee.**

No. 02–1077.

United States Court of Appeals
for Veterans Claims.

May 27, 2005.

Before IVERS, Chief Judge, and
STEINBERG, GREENE, KASOLD,
HAGEL, MOORMAN, LANCE, DAVIS,
and SCHOELEN, Judges.

### ORDER

PER CURIAM:

During the internal circulation of the panel decision in this matter, two judges requested full-Court consideration. *See* the Court's Internal Operating Procedures ¶ V.(b)(5).

On consideration of the foregoing, and it appearing that there is no majority in favor of the request for full-Court consideration, it is

ORDERED that full-Court consideration is DENIED.

STEINBERG, Judge, concurring:

I write to explain my vote against full-Court consideration of this case, which vote was initiated under the Court's IOP V.(b)(5), by a request made by two judges for such a vote, and resulted in a rejection of full-Court consideration.

Our Rule 35(c) provides the following guidance for sending cases before the full Court: "Motions for full-Court decision are not favored. Ordinarily they will not be granted unless such action is necessary to secure or maintain uniformity of the Court's decisions or to resolve a question of exceptional importance." Although I agree that the Court's opinion in *Mayfield v. Nicholson*, 19 Vet.App. 103 (2005), is undeniably an opinion that meets the standard of "exceptional importance", not every such opinion has been issued by the en banc Court. Indeed, *most* of the Court's seminal opinions were *not* en banc. *See e.g., Pelegrini v. Principi*, 18 Vet.App. 112 (2004); *Mariano v. Principi*, 17 Vet.App. 305 (2003); *Roberson v. Principi*, 17 Vet. App. 135 (2003); *Quartuccio v. Principi*, 16 Vet.App. 183 (2002); *Charles v. Principi*, 16 Vet.App. 370 (2002); *Holliday v. Principi*, 14 Vet.App. 280 (2001); *Morton v. Gober*, 14 Vet.App. 174 (2000); *Savage v. Gober*, 10 Vet.App. 488 (1997); *Landicho v. Brown*, 7 Vet.App. 42 (1994); *Austin v. Brown*, 6 Vet.App. 547 (1994); *Stillwell v. Brown*, 6 Vet.App. 291 (1994); *Thurber v. Brown*, 5 Vet.App. 119 (1993); *Rosler v. Derwinski*, 1 Vet.App. 241 (1991); *Cerullo v. Derwinski*, 1 Vet.App. 195 (1991); *Colvin v. Derwinski*, 1 Vet.App. 171 (1991); *Manio v. Derwinski*, 1 Vet.App. 140 (1991); *Fugere v. Derwinski*, 1 Vet.App. 103 (1990); *Lovelace v. Derwinski*, 1 Vet. App. 73 (1990). For the following reasons, I suggest that the "exceptional importance" criterion alone did not provide sufficient reason to put *Mayfield* before the en banc Court.

The Federal Circuit has stayed numerous cases awaiting this Court's opinion on what constitutes prejudicial error. Moreover, numerous cases have been held here awaiting a precedent on prejudicial error and the fourth notice requirement added by 38 C.F.R. § 3.159(b)(1) (2004). These cases need to be moved forward, and full-Court consideration would have caused significant delay. *See* IOP V.(b)(8) (allowing 30 calendar days after date of circulation of the proposed full-Court opinion for Judge to circulate separate opinion without specifying additional time for any respon-

sive opinions). As to securing or maintaining uniformity of Court decisions, the *Mayfield* panel did not believe that the *Mayfield* opinion conflicted with any existing caselaw, including *Pelegrini, supra.* Rather, *Mayfield* evolved *Pelegrini* by generally eliminating the need for "speculation" by the Court in order to consider the prejudice question in a case. *Mayfield,* 19 Vet.App. at 112–13, 118–19. As to the timing-of-notice requirement, *Mayfield* applied *Pelegrini* to conclude that there was a timing-of-notice deficiency and then to conclude that that deficiency was cured—and thereby rendered nonprejudicial—by subsequent complying notice and opportunity for the appellant to respond to it. As to the fourth notice requirement ("VA will also request that the claimant provide any evidence in the claimant's possession that pertains to the claim", 38 C.F.R. § 3.159(b)(1) (2004), *Mayfield* is the first precedential opinion of the Court to apply that element and find no error based on substantial compliance. In sum, the *Mayfield* panel saw no conflict in the *Mayfield* proposed opinion with any of the Court's caselaw regarding the three statutory notice requirements, timing of notice, the regulatory fourth notice requirement, or prejudice.

In light of the foregoing considerations and consistent with the Court's prior practice in deciding whether to take a case before the full Court, I believe that full-Court consideration generally is not warranted where a majority of the full Court does not disagree with a panel opinion's proposed holdings, which in *Mayfield* were: (1) Prejudice burden; (2) prejudice standard; (3) fulfillment of statutory notice requirements; (4) fulfillment of regulatory fourth notice requirement in the context of statutory notice compliance; and (5) prejudice from any *Charles,* 16 Vet.App. at 373–74, reason-or-bases error in light of statutory notice compliance/no prejudice.

I regret that our dissenting colleagues conclude otherwise, and I concede that merely because the majority—even an overwhelming majority—disagrees with them certainly does not mean that they are wrong in their votes. However, they *are* wrong, I believe, in suggesting that the *Mayfield* opinion was written without "the full and contemporaneous participation of all judges of the Court." A proposed panel opinion was circulated to the other six judges of the Court for comments prior to issuance of the proposed panel opinion, *see* IOP IV.(a)(2) (providing for review and comment by all judges); the panel received and considered extensive substantive comments from nonpanel members and, as a result of this comment process, the panel made substantive changes in the proposed opinion. It was only after that collegial and collaborative process had run its course that the Court voted 2–7 against the suggestion for full-Court consideration.

KASOLD, Judge, concurring:

I note that Judge Hagel's dissent is premised on the view that the Court's Rules of Practice and Procedure (Rules) and Internal Operating Procedures (IOP) require full-Court review whenever it would "resolve a question of exceptional importance" (in addition to secure or maintain uniformity). IOP at V(a); U.S. VET. APP. R. 35(c). This was my initial view too. However, in the past almost year and one-half, I have come to appreciate the role of panel decisions and the fact that our own Rules and IOP do not *require* full-Court consideration simply because a case is of exceptional importance. They focus on the need to "resolve" a question of great importance. In fact, a panel can "resolve" these questions and, in practice, as Judge

Steinberg notes in his concurring statement, the Court generally has not taken cases to full Court simply because of the importance of the case. Rather, full-Court decisions generally have been reserved for cases in which the parties have noted a lack of uniformity in our cases, *see, e.g., Allen v. Brown,* 7 Vet.App. 439, 445–46 (1995) (en banc), or highlighted a matter that a majority of the full Court felt was not fully or properly addressed by a panel decision, *see, e.g., Padgett v. Nicholson,* 19 Vet.App. 133 (2005) (en banc). In this instance, a significant majority of the full Court determined that the panel decision was not inconsistent with our prior cases (and I agree with Judge Steinberg's analysis on this point) and otherwise "resolved" the exceptionally important issues.

HAGEL, Judge, with whom IVERS, Chief Judge, joins, dissenting:

I note at the outset that I have a number of substantive concerns with the *Mayfield* opinion. In my view, that unnecessarily broad opinion is a perplexing departure from the Court's existing jurisprudence and one that may have unintended consequences on the manner in which VA complies with the Veterans Claims Assistance Act of 2000, Pub.L. No. 106–475, 114 Stat.2096 (Nov. 9, 2000). However, an extensive discussion of those concerns is not appropriate at this juncture. Instead, I write separately to express my firm conviction that that appeal should have been decided by the full Court.

A case deserves full-Court review if such review is necessary to "resolve a question of exceptional importance." Court's Internal Operating Procedure at V(a); *see* U.S. Vet.App. R. 35(c). *Mayfield* was undoubtedly such a case. The Court in *Mayfield* discussed extensively the method by which this Court applies the rule of prejudicial error, an issue that potentially impacts the result reached by the Court in every case involving a finding of ·Board error. The magnitude of *Mayfield's* potential impact alone is ample reason that that appeal was deserving of full-Court review; however, the Court also rendered value judgments regarding the relative importance of the statutory and regulatory notice requirements. Because I believe that the Veterans Claims Assistance Act of 2000 is one of the most significant pieces of legislation governing the adjudication of claims for veterans benefits since the passage of the Veterans' Judicial Review Act, Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988), pronouncements of that nature regarding the notice provisions should have been made with the full and contemporaneous participation of all the judges of this Court. As a consequence, I respectfully dissent from the decision not to refer that matter to a panel composed of the full Court.