KASOLD, Judge,
concurring:
I write briefly to note that Judge Ha-gel’s well-written dissent regarding section 5103(a) notice fails to take into consideration the fact that section 5103(a) is concerned with notice preceding the first decision on a claim, see 38 U.S.C. § 5103(a) (notice is to be provided “[ujpon receipt of a complete or substantially complete application”); see also Pelegrini v. Principi, 18 Vet.App. 112, 119-20 (2004) (concluding based on legislative and regulatory history that section 5103(a) notice was to be given prior to the first decision on a claim). This notice requirement was intended to inform claimants up-front, rather than in a “piecemeal fashion,” of the evidence necessary to prove the claim and to facilitate “ ‘expedited decisionmaking’ and ‘higher satisfaction in the process.’ ” Dingess v. Nicholson, 19 Vet.App. 473, 487 (2006) (quoting 146 Cong. Rec. S9212 (Sept. 25, 2000) (comment of Sen. Rockefeller)).
In contrast, the Court reviews final Board decisions, which are rendered only after application of a panoply of additional procedural requirements designed to secure a complete and correct decision from the Board. See Dingess, 19 Vet.App. at 490; see also 38 U.S.C. §§ 5103A, 7105(d); 38 C.F.R. § 3.103(b) (2006). Accordingly, any focus on section 5103(a) notice error would be incomplete without consideration of these other procedural safeguards, and a failure to consider them would eviscerate the requirement that we take into consideration the rule of prejudicial error as it applies to a section 5103(a) notice error. See Dingess, 19 Vet.App. at 490; see also 38 U.S.C. § 7261(b)(2) (Court shall take due account of the rule of prejudicial error); Mayfield v. Nicholson, 444 F.3d 1328, 1337 (Fed.Cir.2006) [hereinafter Mayfield II];, Conway v. Principi, 353 F.3d 1369, 1374-75 (Fed.Cir.2004). As demonstrated in Overton, this review does not require factfinding by the Court in the first instance, as the Board itself made factual findings that the duty to notify had been satisfied. See Overton v. Nicholson, 20 Vet.App. 427, 433-34 (2006).
Moreover, the Secretary has a statutory duty to provide section 5103(a) notice (as well as to ensure compliance with statutory procedural requirements applicable after the first decision on a claim), and there is no basis for concluding that the Court in any way relieves the Secretary of his statutory obligations simply because the Court finds that a final decision of the Board *495 does not contain any prejudicial error. Indeed, we do not have the authority to relieve the Secretary of his duties, as that prerogative rests with the President or with Congress. Moreover, I cannot join in an implicit suggestion that the Secretary will disregard intentionally his section 5103(a) notice duty.
Appellants throughout the appellate judicial landscape generally have the burden of demonstrating error and persuading the Court that such error is prejudicial. See, e.g., Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943); see also Mayfield v. Nicholson, 19 Vet.App. 103, 116-19 (2005) (generally discussing burdens on appeal), rev’d on other grounds, Mayfield II, supra. This Court routinely has held the same. See, e.g., Hilkert v. West, 12 Vet.App. 145, 151 (1999) (en banc) (appellant has burden of demonstrating error); Marciniak v. Brown, 10 Vet.App. 198, 201 (1997) (appellant has burden alleging prejudice with specificity); Berger v. Brown, 10 Vet.App. 166, 169 (1997) (appellant has burden of persuasion on appeals); see also Mayfield, 19 Vet.App. at 111-20 (addressing the allocation of burdens on appeal).
Moreover, although Pelegrini, supra, involved a case in which the panel could not speculate regarding error, Overton is simply not such a case. In Overton, the Court was able to determine that Mr. Overton had a meaningful opportunity to participate in the proceedings. See Overton, 20 Vet.App. 427, 435-36, 440-41. Similarly, assuming arguendo that Quartuccio v. Principi, 16 Vet.App. 183 (2002), and Charles v. Principi, 16 Vet.App. 370 (2002), considered the rule of prejudicial error, these cases certainly do not stand for the proposition that all section 5103(a) notice errors are prejudicial.
Thus, Overton is not inconsistent with our prior cases. Moreover, although I agree that a case should be decided en banc to resolve issues of great importance, see Mayfield v. Nicholson, 19 Vet.App. 220, 221-22 (2005) (Kasold, J., concurring in denial of en banc consideration), the fact of the matter is the Overton panel is unanimous with regard to the application of the rule of prejudice, and a majority of the Court find no need for further resolution.