HAGEL, Judge,
concurring:
I concur in the majority’s ultimate conclusion and in much of its reasoning.[1] Specifically, I agree with the majority that, in concluding that Mr. Washington did not receive compliant notice, the Board relied impermissibly on a combination of unrelated pre- and post-decisional communications. See ante at 194. However, as explained below, I write separately because I see a fundamental error in the June 2001 notice letter itself — an error that illustrates the significant relationship between the duty to notify and the duty to assist, and one that I believe should be addressed by the Agency on remand.
The Veterans Claims Assistance Act of 2000 was enacted to further an important purpose — that VA have before it all information necessary to making a determination on a claim as early in the decision-making process as possible. One section of that Act — now 38 U.S.C. § 5103A(d)— was devoted to clarifying VA’s duty to assist veterans seeking disability compensation in obtaining medical examinations. That section provides a list of criteria for determining when VA must provide a claimant with a medical examination or opinion before deciding the claim(s) at issue. Those criteria are no mystery — they are set forth explicitly in section 5103A(d): A medical examination or opinion is necessary if the record before the Secretary (1) “contains competent evidence that the claimant has a current disability, or persistent or recurrent symptoms of disability,” and (2) “indicates that the disability or symptoms may be associated with the claimant’s active ... service,” but (3) “does not contain sufficient medical evidence for the Secretary to make a decision on the *197 claim.” If those criteria are met, the claimant has the right to receive a VA medical examination or opinion.
Because of the immense importance of medical evidence in the VA claims process, whether or not a claimant receives a VA medical examination or opinion can bear significantly upon the outcome of the claim for VA benefits. Indeed, in this case, Mr. Washington requires medical evidence in order to establish service connection for his bilateral foot and skin disorders. See 38 U.S.C. § 1110; Duenas v. Principi, 18 Vet.App. 512, 519 (2004) (citing Caluza v. Brown, 7 Vet.App. 498, 505 (1995), aff'd, 78 F.3d 604 (Fed.Cir.1996) (table)); 38 C.F.R. § 3.303 (2006).
The duty to notify and the duty to assist are not independent of one another — the opposite is true. The duty to notify is, in many ways, the key to unlocking the door that leads the way to fulfillment of the duty to assist. Put differently, the duty to notify invites claimant participation in the information and evidence gathering process, which is a cooperative one between the Agency and the claimant. It is therefore no accident that the notice provisions of section 5103(a) and the assistance provisions of section 5103A, some of which entitle a claimant to assistance in the form of a VA medical opinion or examination, were enacted into law together under a section entitled “Assistance to Claimants” as part of the Veterans Claims Assistance Act of 2000. See Pub.L. No. 106-475, § 3(a), 114 Stat. 2096-97. The statutory link between the duty to notify and the duty to assist is also made clear in section 5103(a) itself, which imposes upon the Secretary a duty to notify a claimant of which portion of the information and evidence necessary to substantiate the claim “is to be provided by the claimant and which portion, if any, the Secretary, in accordance with section 5103A of this title ..., will attempt to obtain on behalf of the claimant.” (emphasis added).
The duty to notify compels the Secretary to apprise claimants like Mr. Washington not only that medical evidence is required to substantiate the claim, but also whether VA will assume responsibility for obtaining such evidence by providing a medical examination or opinion or whether the claimant is ultimately responsible for obtaining that evidence on his own. See 38 U.S.C. § 5103(a). If discharged properly, the duty to notify ensures, among other things, that a claimant will know who shoulders the burden of procuring crucial medical evidence. Of course, in the early stages of the claims process, there may be a limited amount of information and evidence of record, perhaps so limited that VA could not yet know whether it is obligated to provide a VA medical examination or opinion. In such a situation, it is my view that the duty to notify should ensure that a claimant knows that he has the right to a VA medical examination or opinion if the record contains evidence that meets the “low threshold” established by the statute and regulation. McLendon v. Nicholson, 20 Vet.App. 79, 83 (2006). Notice of this type ensures that the claimant has a fair opportunity to obtain what is often the most crucial evidence necessary to prevail on the claim. Properly discharged, the duty to notify gives real substance to the duty to assist.
Here, in its June 2001 letter, VA indicated in various portions of the same letter that it would provide a medical examination or opinion “[i]f necessary,” “if appropriate,” and “if we decide it’s necessary to make a decision on your claim.” Record at 146. Those statements are misleading. They lulled Mr. Washington into not participating in evi-dentiary development because those statements did not clearly apprise him *198 that he was responsible for doing so, or worse yet, conveyed the false impression that VA was responsible for procuring this evidence. Indeed, as the majority recognizes, Mr. Washington now asserts that he would have provided lay evidence as to the symptoms of his conditions had he known that such evidence could have led to a VA medical examination which, in turn, could have led to a favorable decision on his claims. See ante at 195-96.
Even more troubling, the June 2001 letter misrepresents the law concerning VA’s duty to assist because it can be read to indicate that the decision to provide a VA medical examination or opinion rests entirely within VA’s discretion even though the statute and regulation entitle a claimant to a VA examination as a matter of right if the criteria listed in the statute and regulation are met. Although those criteria are clearly defined in 38 U.S.C. § 5103A(d) and its implementing regulation, 38 C.F.R. § 3.159(c)(4), they were not identified or explained anywhere in the June 2001 notice letter, nor was there even a reference to the statute or regulation. As a result, Mr. Washington was not notified of how to obtain VA’s assistance in obtaining a VA medical examination or opinion. This, in my view, represents a critical break in the link between the duty to notify and the duty to assist. The June 2001 letter hindered Mr. Washington’s ability to participate in the processing of his claims. Because the purpose of notice is to enable, not hinder, a claimant’s participation in the gathering of evidence pertinent to his claim, the notice was therefore noncompliant.
Here, the majority finds error on the basis that the Board relied impermissibly on a combination of unrelated pre- and post-decisional communications. See ante at 194. It then considers Mr. Washington’s participation in the adjudication process in the context of a prejudicial-error analysis. After determining that it cannot find the Board’s error to be nonprejudicial, the majority then vacates the Board decision and remands the matters. Ante at 195-96. Although the majority never reaches the substance of the June 2001 letter, in my view, for the reasons provided in this separate statement, the June 2001 letter does not satisfy the Secretary’s duty to notify.

. I would not have relied on Overton, but would instead have applied Pelegrini in analyzing the effect of the error. My position on that issue was made known in my dissent from the order denying full-Court consideration in Overton. See Overton v. Nicholson, 20 Vet.App. 494, 495-500 (2006) (Hagel, J., dissenting).