NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7132

CHARLES A TAYLOR,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

James W. Stanley, Jr., Stanley Law Firm, P.A., of Little Rock, Arkansas, for claimant-appellant.

Tara K. Hogan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent appellee.  With her on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director.  Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Martin J. Sendek, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Alan G. Lance, Sr.

# United States Court of Appeals for the Federal Circuit

2007-7132

CHARLES A. TAYLOR,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: December 5, 2007

_____

Before NEWMAN, RADER, and DYK, Circuit Judges.

RADER, Circuit Judge.

The United States Court of Appeals for Veterans Claims (Veterans Court) determined that Mr. Charles A. Taylor did not submit new and material evidence to reopen his claim. Further the Veterans Court found that he received adequate notice under the Veterans Claims Assistance Act of 2000 (VCAA). Because this court lacks jurisdiction to determine factual matters, this court dismisses.

I

Mr. Taylor served in the army from January 1952 through December 1953. His service records show no back problems during this time period. In 1969, Mr. Taylor submitted a claim for a service connection for lumbar disc syndrome. The claim was denied and no appeal was taken. Mr. Taylor tried to reopen his claim 24 years later, in

1993, but was unsuccessful. His appeal was denied in 1997. Mr. Taylor tried once more to reopen his claim, but this was again denied. Mr. Taylor appealed, and in 2000 that too was denied. Next, Mr. Taylor appealed the 2000 denial to the Veterans Court which remanded the case to comply with changes resulting from the VCAA. Upon remand, the regional officer (RO) requested additional information. Mr. Taylor responded that he had none, and requested that his case be forwarded to the board. The board remanded the case for further compliance with the VCAA. A detailed letter was sent to Mr. Taylor on June 16, 2003. In May of 2004, the RO reopened the claim, but denied it on its merits. On May 23, 2005, the board affirmed, mentioning specifically that Mr. Taylor received adequate notice. The Veterans Court affirmed the board's decision.

II

To succeed in reopening a case under 38 USC § 5103 (a) and 38 C.F.R. § 3.156 (a), a claimant must submit new and material evidence. Submission of new and material evidence is a factual question. This court lacks jurisdiction to review factual determinations made by the Veterans Court or that court's application of law to factual situations. 38 U.S.C. § 7292(d)(2).

Recognizing this deficiency, Mr. Taylor makes a second argument regarding why this court should accept jurisdiction over the case. He argues that the VCAA requires that specific detailed notice inform a claimant of the evidence submission requirements. Mr. Taylor contends that "an individual veteran seeking to reopen a previously denied claim be told exactly what evidence is needed in order to successfully reopen his claim."

He argues that he received no notice of the types of new material evidence necessary to substantiate his claim.

This notice argument is also a factual determination, and as such is beyond this court's jurisdiction. This court has held that the question of whether a particular notice satisfies the statutory and regulatory notification requirements of the VCAA is a factual determination of the "type that should be made by the agency in the first instance." Mayfield v. Nicholson, 444 F.3d 1328, 1336, (Fed. Cir. 2006) (Mayfield II); Mayfield v. Nicholson, 2007 U.S. App. LEXIS 22131, 12-13 (Fed. Cir. 2007) (Mayfield III).

Even if the matters were in the court's jurisdiction, the Veterans Court's decision should be affirmed. Nothing in 38 U.S.C. § 5103(a) says that the applicant must be told "exactly" what needs to be submitted to substantiate the claim. 38 U.S.C. § 5103(a) provides:

Upon receipt of a complete or substantially complete application, the Secretary shall notify the claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. As part of that notice, the Secretary shall indicate which portion of that information and evidence, if any, is to be provided by the claimant and which portion, if any, the Secretary, in accordance with section 5103 (a) of this title and any other applicable provisions of law, will attempt to obtain on behalf of the claimant.

The corresponding regulation, likewise, does not require that the agency provide specific notice of exactly what is necessary to substantiate the claim. In addressing the obligations of the Veterans Administration (VA) under the statute, the regulation provides in pertinent part:

2007-7132                                3

38 C.F.R. § 3.159(b)(1)

> When VA receives a complete or substantially complete application for benefits, it will notify the claimant of any information and medical or lay evidence that is necessary to substantiate the claim. VA will inform the claimant which information and evidence, if any, that the claimant is to provide to VA and which information and evidence, if any, that VA will attempt to obtain on behalf of the claimant. VA will also request that the claimant provide any evidence in the claimant's possession that pertains to the claim.

Furthermore, the regulatory history of 38 C.F.R. § 3.159 reveals that, in response to comments received during rulemaking, the VA considered and rejected the idea of including a requirement for such specificity.

66 Fed. Reg. 45,620, 45,622 (Aug. 29, 2001)

> Other commentators stated that this regulatory provision should state in more specific detail what will be required to be contained in every notice to the claimant on what is needed to establish entitlement for an individual claim. It is neither reasonable nor administratively feasible to require by regulation the level of specificity advocated by these commenters. The statutory notice required by the VCAA occurs at an early point in the claims process when the claimant often has not yet identified the evidence and information relevant to the claim, and VA does not yet know what kinds of specific evidence to try to obtain on behalf of the claimant. Without knowing what this evidence is, VA cannot advise the claimant as to whose responsibility it will be to obtain it. VA attempts to be as specific as it can in these notices. However, the content of VA's notice to the claimant depends on the amount of information and evidence VA already has regarding an individual claim, and cannot precisely be defined by regulation.

The position that exact specificity was not required was also confirmed by this court in Paralyzed Veterans of America v. Secretary of Veterans Affairs, 345 F. 3d 1344, 1347 (Fed. Cir. 2003). This court recently held that the notice

2007-7132                                    4

required by section 5103(a) is generic, not specific, notice.  <u>Wilson v. Mansfield</u>,

No. 2007-7099, slip op. at 11 (Fed. Cir. Oct. 15, 2007).

IV

In summary, this case is dismissed for lack of jurisdiction.