NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7097

GARY DAY,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

<u>Gary Day</u>, of Willow Springs, Missouri, pro se.

<u>Hillary A. Stern</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With her on the brief were <u>Gregory G. Katsas</u>, Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Martin F. Hockey, Jr.</u>, Assistant Director.  Of counsel was <u>David J. Barrans</u>, Deputy Assistant General Counsel, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge William A. Moorman

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7097

GARY DAY,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-0833, Judge William A. Moorman.

_____

DECIDED:  December 4, 2008
_____

Before RADER, PLAGER and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

Gary A. Day seeks review of the United States Court of Appeals for Veterans Claims' ("CAVC") decision which affirmed the ruling of the Board of Veterans' Appeals ("Board"). The Board denied service connection for a bilateral leg disability and determined that a previous denial of service connection for chondromalacia of the knees could not be reopened because new and material evidence had not been submitted. <u>Day v. Peake</u>, No. 06-0833, 2008 WL 637625, at *1 (Ct. Vet. App. Feb. 26, 2008). Because we are without jurisdiction to review Mr. Day's appeal, we <u>dismiss</u>.

Mr. Day notes that the CAVC incorrectly decided the issues presented and that he has additional arguments to support his position. However, Mr. Day fails to note with specificity any additional issues or arguments. Id. The government argues that this court should dismiss Mr. Day's appeal for lack of jurisdiction under 38 U.S.C. § 7292(d)(2) because the issues addressed by the CAVC involved the application of law to the facts of Mr. Day's case. The issues decided by the CAVC are factual issues therefore, we agree with the government that this court lacks jurisdiction to address them.[1]

This court must first determine whether or not it has jurisdiction in an appeal. C.R. Bard, Inc. v. Schwartz, 716 F.2d 874, 877 (Fed. Cir. 1983). Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals of CAVC decisions. We have jurisdiction over appeals from the CAVC "with respect to the validity of a decision of [that] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by [that] Court in making the decision." 38 U.S.C. § 7292(a); Flores v. Nicholson, 476 F.3d 1379, 1381 (Fed. Cir. 2007). Except to the extent that an appeal under this chapter presents a constitutional issue, this court may not "review (A) a challenge to a factual

---

[1] The CAVC did not address any of Mr. Day's arguments pertaining to the reopening of his claim for service connection for chondromalacia of the knees because Mr. Day did not challenge the Board's conclusion that new and material evidence had not been submitted. Day, 2008 WL 637625, at *1. A claimant must submit new and material evidence in order to succeed in reopening a case under 38 U.S.C. § 5103(a) and 38 C.F.R. § 3.156(a). Taylor v. Mansfield, 257 Fed. Appx. 303, 305 (Fed. Cir. 2007). Therefore, because Mr. Day did not challenge the Board's legal conclusion that new and material evidence was not submitted, no basis existed for the Veterans Court to address the reopening of that claim.

determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2); Flores, 476 F.3d at 1381.

The CAVC concluded that the VA did not fail in its duty to assist Mr. Day with his bilateral leg disability claim by not obtaining certain Social Security Administration (hereinafter "SSA") records or Service Medical Records (hereinafter "SMRs"), or by not providing a medical examination. Day, 2008 WL 637625, at *2-4. The CAVC also concluded that the Board provided adequate reasons or basis for its determination or decision despite Mr. Day's argument that it had not. Id. at *4.

On appeal, Mr. Day does not challenge the validity or interpretation of any statute or regulation relied on by the Veterans Court in its decision, nor does he raise any constitutional issue. At most, he challenges the Veterans Court's application of law to the facts of his case. Therefore, he has not raised any issues within our jurisdiction. See 38 U.S.C. § 7292 (d)(2). Accordingly, we dismiss his appeal for lack of jurisdiction.

This court similarly lacks jurisdiction to review the Veterans Court's decision that the Board provided adequate reasons or basis for its determination. See Cook v. Principi, 353 F.3d 937, 940 (Fed. Cir. 2003) (finding no jurisdiction to review an argument "premised on the basis that the Veterans Court erred by not remanding [a] case over an alleged failure by the Board to satisfy the requirements under 38 U.S.C. § 7104(d)(1)."). Therefore, we do not reach this issue.

CONCLUSION

Because we lack jurisdiction to review Mr. Day's appeal, it is dismissed.

No costs.