# United States Court of Appeals for the Federal Circuit

2007-7099

DOUGLAS M. WILSON,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

Martin F. Hockey, Jr., Senior Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, Brian M. Simkin, Assistant Director, and Phyllis Jo Baunach, Trial Attorney. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Michael G. Daugherty, Attorney, United States Department of Veterans Affairs.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Alan G. Lance, Sr.

# United States Court of Appeals for the Federal Circuit

2007-7099

DOUGLAS M. WILSON,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  October 15, 2007

_____

Before RADER, Circuit Judge, CLEVENGER, Senior Circuit Judge, and DYK, Circuit Judge.

DYK, Circuit Judge.

Appellant Douglas M. Wilson ("Wilson") appeals from a decision of the Court of Appeals for Veterans Claims ("Veterans Court").  The Veterans Court affirmed a decision of the Board of Veterans' Appeals ("Board") denying Wilson's claim for service connection for a psychiatric disability.  Wilson claims that the Department of Veterans Affairs ("VA") failed to provide the notice required by 38 U.S.C. § 5103(a) (2000).  We affirm.

BACKGROUND

Wilson served on active duty in the United States Marine Corps from June 1964 to March 1974.  He served two tours of combat duty in Vietnam, where he "experienced stressful events in service," J.A. at 56, including seeing his colleagues killed and

sustaining a shrapnel injury to his head. Wilson explained to a VA physician who examined him that these experiences left him with "constant ruminations about Vietnam," dreams of being shot at, poor memory, and headaches exacerbated by anxiety. J.A. at 60. The physician found that, despite these symptoms, Wilson did not meet the full criteria for a diagnosis of post-traumatic stress disorder ("PTSD").

In a January 1998 rating decision, the VA regional office ("RO") denied Wilson's claim for service connection for "a psychiatric disability to include PTSD and for memory loss." J.A. at 40. Wilson filed a notice of disagreement ("NOD") in January 1998. The RO issued a statement of the case ("SOC") in June 1998, and Wilson perfected his appeal in July 1998. In a February 2004 decision the Board denied service connection. Pursuant to a joint motion for remand, which reflected the parties' agreement that the Board's decision failed to set forth sufficient reasons and bases for its denial of service connection of a psychiatric disorder other than PTSD, the Veterans Court in December 2004 vacated and remanded that denial to the Board for readjudication. Also pursuant to the parties' stipulation, the Veterans Court dismissed Wilson's appeal with regard to the service-connection claims for PTSD and memory loss.

By a letter dated January 18, 2005, Wilson's counsel requested that the Board remand the case to the RO "for review and preparation of a Supplemental Statement of the Case." J.A. at 45. She further requested: "If you determine there is significant negative evidence on a material issue in this claimant's record, please let my client know what this evidence is and what types of evidence would aid in rebutting this negative evidence and thus substantiate these claims." Id.

On February 11, 2005, the Board denied Wilson's claim for service connection for a psychiatric disability other than PTSD. On appeal, the Veterans Court affirmed. In response to Wilson's argument that the VA violated its duty to provide adequate notice pursuant to 38 U.S.C. § 5103(a), the Veterans Court stated that "VA was not required to analyze the evidence gathered and inform the appellant of the inadequacy of his submissions." Wilson v. Nicholson, Vet. App. No. 05-0566, slip op. at 2 (Oct. 24, 2006). The court explained that the "duty to notify deals with evidence gathering, not the analysis of already gathered evidence." Id. It concluded that "appellant is not entitled to an advisory opinion from the Board as to the adequacy of his evidence prior to its formal decision." Id., slip op. at 3. Citing its recent decision in Locklear v. Nicholson, 20 Vet. App. 410 (2006), the court reaffirmed its rejection of the argument that section 5103(a) requires what it characterized as a "predecisional adjudication" of the claimant's case. Wilson v. Nicholson, Vet. App. No. 05-0566, slip op. at 2.

Wilson timely appealed to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292(a).

DISCUSSION

I

This case involves issues as to the scope of section 5103(a), which obligates the VA to notify claimants of what information and evidence they must submit to substantiate their claims. It provides:

> Upon receipt of a complete or substantially complete application, the Secretary shall notify the claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. As part of that notice, the Secretary shall indicate which portion of that information and evidence, if any, is to be provided by the claimant and

which portion, if any, the Secretary . . . will attempt to obtain on behalf of the claimant.

38 U.S.C. § 5103(a). The regulation implementing this statute tracks the statutory text and imposes no additional notice obligation on the VA. See 38 C.F.R. § 3.159(b) (2007).[1]

Wilson does not argue that he received inadequate notice when he initially filed his claim with the RO.[2] However, Wilson contends that the VA violated its duty of notice under section 5103(a) following remand of his case from the Veterans Court to the Board. He contends that, upon remand from the Veterans Court, the Board was required under section 5103(a) to provide him with additional, specific notice that would provide him with the Board's "pre-decisional assessment of the evidence." Appellant's Br. at 14. Wilson's claim is essentially twofold. First, he argues that the duty imposed by section 5103(a) is not limited to providing notice after the initial filing of a "complete or substantially complete application" but continues throughout the claim process. Second, Wilson contends that the notice required by section 5103(a) is specific notice of what evidence is missing—that the VA must, at least upon request, "share its pre-

---

[1]    Wilson contends that another regulation, 38 C.F.R. § 3.103(a), compels his interpretation of the statute. We see nothing in that regulation, which contains a general statement of procedural policy for the VA claims process, that is relevant to the interpretation of the plain language of section 5103(a).

[2]    In its 2005 decision, the Board determined that a February 2001 letter from the RO to the claimant provided the requisite notice in connection with Wilson's initial filing. That letter explained what information and evidence was needed to substantiate Wilson's service-connection claim, what information Wilson needed to submit, and what information the VA would obtain on his behalf. The Veterans Court agreed with the Board's conclusion that this notice was sufficient. Wilson does not challenge this aspect of the court's decision on appeal.

decisional assessment of the evidence." Appellant's Br. at 14. We reject both arguments.

Wilson is incorrect that section 5103(a) applies throughout the claim process. Under the plain language of the statute, the notice obligation is triggered by the filing of a "complete or substantially complete application." The statutory language does not suggest that the notice required extends beyond this filing. Contrary to Wilson's argument, the "previously provided" language does not indicate that the duty extends throughout the claim process. The legislative history of section 5103(a) confirms that it does not. Section 5103(a) was enacted as part of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 ("VCAA"). The purpose of that statute, according to its legislative history, is "to reinstate VA's traditional practice of assisting veterans at the beginning of the claims process." S. Rep. No. 106-397, at 22 (2000). Our decisions also have confirmed that section 5103(a) is intended "to require that the VA provide affirmative notification to the claimant prior to the initial decision in the case as to the evidence that is needed and who shall be responsible for providing it." Mayfield v. Nicholson, 444 F.3d 1328, 1333 (Fed. Cir. 2006) ("Mayfield II"); see also Sanders v. Nicholson, 487 F.3d 881, 886 (Fed. Cir. 2007) (citing Mayfield II, 444 F.3d at 1333); Hartman v. Nicholson, 483 F.3d 1311, 1314 (Fed. Cir. 2007) (citing Mayfield II, 444 F.3d at 1333).

In Mayfield II, the Board had determined that the notice requirement of section 5103(a) was satisfied by "three post-decisional communications with [the claimant]," including a notice of decision and two statements of the case. 444 F.3d at 1334. We held that this determination was inconsistent with the statute, which requires notification

"prior to the initial decision on the claim, not afterwards." Id. at 1333. Although the notice does not have to be contained in a single document, all of the required information must be given to the claimant sufficiently in advance of the initial RO decision to enable the claimant to develop his case. See id. In this way section 5103(a) "ensure[s] that the claimant's case is presented to the initial decisionmaker with whatever support is available." Id. (emphasis added).

Following Mayfield II, we specifically held in Hartman that section 5103(a) does not apply to proceedings that take place after the RO's initial decision. 483 F.3d at 1314-15. In that case the claimant had filed a NOD after the RO awarded him service connection but established an effective date later than the one to which the veteran believed he was entitled. Id. at 1313-14. The claimant argued that, upon filing his NOD, the VA was required to provide him notice under section 5103(a). Id. at 1314. We rejected this argument, because "[t]he filing of a notice of disagreement takes place after, not prior to, the regional office's decision." Id.

Wilson is also incorrect in arguing that section 5103(a) is not satisfied by generic notice and requires specific notice of the missing evidence with respect to a particular claim. The statute on its face does not address the level of required detail, stating only that the notice must identify "any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim." 38 U.S.C. § 5103(a). The legislative history of section 5103(a) reveals that Congress intended this language to provide an "objective test for the types of evidence that could be useful to the Secretary in deciding the claim." 146 Cong. Rec. H9912, 9914 (daily ed. Oct. 17, 2000) (Explanatory Statement on H.R. 4864, As Amended) (emphasis

added). Plainly the notice must identify the information and evidence necessary to substantiate the particular type of claim being asserted by the veteran (which we refer to here as "generic notice"), but there is no indication that Congress intended to require an analysis of the individual claim in each case. Indeed, this court already has rejected the argument that section 5103(a) requires the VA "to identify with specificity the evidence necessary to substantiate the claim." Paralyzed Veterans of Am. v. Sec'y of Veterans Affairs, 345 F.3d 1334, 1347 (Fed. Cir. 2003). In Paralyzed Veterans, four veterans' advocacy groups challenged the validity of several regulations implementing the VCAA. The petitioners objected to 38 C.F.R. § 3.159(b) on the ground that it was inconsistent with section 5103(a), in part because it did not require VA to provide specific notice to claimants. Paralyzed Veterans, 345 F.3d at 1347. In refusing to hold the regulation invalid for this reason, we stated that "the regulation is clearly consistent with the statute, and its requirements are both reasonable and sufficient." Id. at 1348.

Finally, while we think that section 5103(a) must be interpreted as requiring only generic notice at the outset, even if the statute were ambiguous, we would be required to defer to the VA's interpretation under Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843-44 (1984) (holding that "a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency"). The Secretary of Veterans Affairs has interpreted section 5103(a) as limited to the provision of notice at the outset of the process and as requiring only generic notice. During the promulgation of 38 C.F.R. § 3.159(b), commenters proposed that the regulation "should state in more specific detail what will be required to be contained in every notice to the claimant on what is needed to establish entitlement

for an individual claim." Duty To Assist, 66 Fed. Reg. 45,620, 45,622 (Aug. 29, 2001). In rejecting this proposal, VA explained that "the statutory notice required by the VCAA occurs at an early point in the claims process when . . . VA does not yet know what kinds of specific evidence to try to obtain on behalf of the claimant." Id. The Secretary similarly rejected a proposal for the regulation to provide that "if VA receives evidence that is inadequate to substantiate the claim, VA should contact the claimant and give him or her the opportunity to correct the inadequacy or bolster the evidence." Id. at 45,623. In rejecting the contention that the statute requires such ongoing and specific notification, the Secretary explained that "[w]hether all of this relevant evidence is sufficient to substantiate the claim is a determination that is not made until the claim is adjudicated." Id. Clearly, then, the Secretary has interpreted section 5103(a) to require only a generic notice after the initial claim for benefits has been filed. Thus even if the statute itself did not speak directly to the level of specificity required in the notice, we would be required under Chevron to defer to the Secretary's reasonable interpretation in that regard.

The February 2005 letter from Wilson's counsel, requesting that the Board "let [Wilson] know what . . . types of evidence would aid in rebutting . . . negative evidence and thus substantiate these claims," J.A. at 45, does nothing to alter the situation. Whether or not the claimant requests a detailed notice pursuant to section 5103(a) at later stages of the claim process, there is no obligation under that provision to provide one.

Wilson asserts that this interpretation of the statute "permits the VA to evade its obligation 'to analyze the evidence gathered and inform the appellant of the inadequacy of his submissions.'" Appellant's Br. at 16. He argues that such an interpretation is inconsistent with the "uniquely pro-claimant nature of the veterans compensation system." Hensley v. West, 212 F.3d 1255, 1262 (Fed. Cir. 2000); see also Hodge v. West, 155 F.3d 1356, 1362 (Fed. Cir. 1998). This argument overlooks the many statutory and regulatory provisions that do apply to VA's actions after an initial RO decision, and that provide the claimant with notice as to why his claim was rejected and an opportunity to submit additional relevant evidence. Indeed, the existence of other statutes—including 38 U.S.C. §§ 5104(b) and 7105(d)(1), discussed below—requiring specific notice at other points during the claim adjudication process strongly suggests that section 5103(a) was not intended to sweep as broadly as appellant contends.

After an initial rejection by the RO of a claim for benefits, the VA must notify the claimant and provide a statement of the reasons for the decision and a summary of the evidence considered. 38 U.S.C. § 5104; see also 38 C.F.R. § 3.103(b)(1). At that point the claimant has one year in which to file an NOD under 38 U.S.C. §§ 7105(a) and 7105(b)(1). If the claimant does file an NOD, the VA is required to "reexamine the claim and determine whether additional review or development is warranted." 38 C.F.R. § 19.26(a). If the VA does not grant the claim based on this additional development, it is then required to supply the claimant with an SOC that summarizes the existing evidence relevant to the disputed issues, explains how applicable laws and regulations affected the decision, and discusses the reasons for the decision. 38 U.S.C. § 7105(d)(1).

Additionally, either before or after receiving the SOC, the claimant may submit additional evidence to the RO; the VA will consider this evidence as if it had been filed in connection with the original claim. 38 C.F.R. § 3.156(b). If necessary, VA also will provide the claimant with a supplemental statement of the case ("SSOC") to correct problems in the initial SOC or account for evidence submitted after the SOC was issued. See id. § 19.31(b).

When the claimant has no further evidence to submit and no further supplemental statements of the case are required, the claimant has sixty days in which to file a substantive appeal. 38 U.S.C. § 7105(d)(3). The RO then will certify the appeal to the Board. 38 C.F.R. § 19.35. Once the appeal is certified, the claimant has ninety days in which to submit additional evidence to the Board; he may also submit it after that period upon a showing of good cause. Id. § 20.1304(a), (b). The claimant also is entitled to notice of any new medical or legal opinions received by the Board, or any new law the Board intends to apply; in either situation, the claimant may submit additional argument or evidence within sixty days of receiving the notice. Id. § 20.903.[3] The claimant also receives a hearing before the Board, at which he can submit additional evidence even if the ninety-day period has expired. 38 U.S.C. § 7107(b); 38 C.F.R. § 20.1304(a). Once the Board has decided the appeal it must, like the RO, provide the claimant with a statement of the reasons or bases for its decision. 38

---

[3] However, as with section 5103(a) notice, this notice by the Board is not intended to apprise the claimant of the Board's analysis of the claim or weighing of the evidence. As with 38 C.F.R. § 3.159(b), the Secretary rejected a proposal that this regulation provide the claimant with a form of predecisional adjudication, stating that "[t]hese matters are generally not determined until the Board weighs the evidence and decides the appeal." Board of Veterans' Appeals: Obtaining Evidence and Curing Procedural Defects Without Remanding, 67 Fed. Reg. 3099, 3100 (Jan. 23, 2002).

U.S.C. § 7104(d)(1). If the Board remands the claim to the RO, the agency conducts additional development and provides the claimant a new SSOC. 38 C.F.R. §§ 19.31(c), 19.38.

Within this detailed procedural scheme, section 5103(a) serves to facilitate the claim process by ensuring "that the claimant be given the required information prior to the VA's decision on the claim and in a form that enables the claimant to understand the process, the information that is needed, and who will be responsible for obtaining that information." Mayfield II, 444 F.3d at 1333. Other statutory and regulatory provisions ensure that, after the VA rejects a claim, the claimant understands the basis for that decision and has the opportunity to submit additional evidence. As we also recently noted, "[a]ll claimants are entitled to appear at their hearings for the purpose of presenting evidence, and VA personnel conducting hearings are instructed to 'suggest the submission of evidence which the claimant may have overlooked and which would be of advantage to the claimant's position.'" Sanders, 487 F.3d at 885 (quoting 38 C.F.R. § 3.103(c)(2)).

In summary, section 5103(a) requires only that the VA give a claimant notice at the outset of the claims process of the information and evidence necessary to substantiate the claim, before the initial RO decision and in sufficient time to enable the claimant to submit relevant evidence. This notice may be generic in the sense that it need not identify evidence specific to the individual claimant's case (though it necessarily must be tailored to the specific nature of the veteran's claim). It need not describe the VA's evaluation of the veteran's particular claim.

CONCLUSION

For the foregoing reasons, the decision below is

AFFIRMED.

COSTS

No costs.