HAGEL, Judge,
concurring in the result:
I concur only in the majority’s ultimate conclusion that a claim for increased disability compensation requires at least general section 5103(a) notice tailored to the particulars of an individual's claim. This is a logical conclusion flowing from our previous decisions, as is the majority’s ultimate determination that the notice provided to Mr. VazqueznFlores was deficient and that the Secretary failed to rebut the presumption of prejudice as required by the Federal Circuit in its opinion in Sanders. However, I write separately to express my disagreement with the majority’s establishment, in dicta, of a fourth means of rebutting the presumption of prejudice when a section 5103(a) notice error is shown by the appellant. I also write to articulate my opposition to the majority’s unnecessary and misleading statements regarding the analysis of prejudice and the misguided application of the U.S. Court of Appeals for the Federal Circuit’s (Federal Circuit’s) recent opinions in Sanders, Newhouse, Mlechick, and Wilson, all supra, that, if applied, would frustrate the purpose of pre-decisional section 5103(a) notice obligations in the YA adjudicatory scheme. The majority’s statements are neither necessary to reach the decision in this case nor applied in reaching it. They are, then, purely dicta. There is danger in permitting such language to survive in a precedential opinion, as its existence invites selective quotation and misapplication of that language in future cases, similar to what the majority has done with the Federal Circuit opinions claimed to support its mistaken view. The majority’s attempt to enumerate a fourth “example” for rebutting prejudice circumvents the Federal Circuit’s holdings in both Mayfield and Sanders.

1. Analysis of Decisions of the Federal Circuit Regarding the Application of the Rule of Prejudicial Error in Cases Involving Allegations of Defective Section 5103(a) Notice

There is no doubt that this Court has the responsibility to take into account the rule of prejudicial error. 38 U.S.C. § 7261(b)(2); Conway v. Principi, 353 F.3d 1369 (2004) (holding that this Court may not refuse to take into account the rule of prejudicial error). We are also instructed that, in making such determinations, we are not limited solely to the facts as found by the Board. Newhouse v. Nicholson, 497 F.3d 1298 (2007). These two holdings, however, do not, in cases of section 5103(a) notice error, permit the Court to conduct an unlimited and unconstrained foraging of the record to make such determinations. In the context of making a determination regarding prejudicial error in section 5103(a) notice cases, the Federal Circuit has prescribed the Court to follow a particular method of analysis. It has done so for a variety of reasons, not the least of which is to ensure that the purpose for which that statute was created is not frustrated and to ensure that the burden of proof of the harmlessness of defective notice remains on the Secretary, who is charged by Congress with providing adequate notice. See Sanders, 487 F.3d at 887 (holding that “the Secretary is required to persuade the [Cjourt that the purpose of the notice was not frustrated”).
After this Court wrestled with the application of the rule of prejudicial error in the context of section 5103(a) notice, this question was definitively resolved by the Fed *52 eral Circuit by its decision in Sanders.[1] See Mayfield v. Nicholson, 19 Vet.App. 103 (2005); Mayfield v. Nicholson, 19 Vet.App. 220, 222 (2005) (denying full-Court consideration; Ivers, J., and Hagel, J., dissenting); Overton v. Nicholson, 20 Vet.App. 427 (2006); Overton, supra n. 1 (denying full-Court consideration; Hagel, J., Davis, J., and Schoelen, J., dissenting); see also Sanders, 487 F.3d at 891 (Fed.Cir.2007) (holding that “all [section 5103(a)] notice errors are presumed prejudicial and that the VA has the burden of rebutting this presumption”). Consequently, despite the majority’s characterization to the contrary, see n. 2 of the majority opinion, this Court’s initial decision in Mayfield has been discredited. The Federal Circuit’s decision in Mayfield found error in this Court’s reliance on a document not considered by the Board to be error and Sanders overruled this Court’s Mayfield decision with respect to the placement of the burden on the appellant to show prejudice.
In Sanders, the Federal Circuit made several key findings. First, the veteran bears the burden of establishing that there is section 5103(a) notice error. Consequently, if the veteran fails in this regard, then there is no need to engage in a prejudicial-error analysis with regard to that issue. See id. at 891. In making this finding the Federal Circuit relies on Rule 28(a) of this Court’s Rules of Practice and Procedure. That rule, in pertinent part, requires that the appellant submit a brief that includes his or her contentions with respect to the issues and a short conclusion stating the precise relief sought.[2] In short, it appears that, in order to satisfy the requirement of demonstrating error, the represented appellant[3] must allege the error in the brief and support the allegation with proper legal and factual citations.
Second, Sanders holds that if the veteran alleges a notice error and properly *53 supports that allegation, that the error is presumed to be prejudicial, while VA has the burden of proving that the notice error did not result in prejudice. Id. at 889.
Third, in Sanders, the Federal Circuit held that if the Court finds a notice error and the Secretary fails to satisfy its burden of proving that such notice error is not prejudicial, there is only one course of action: The matter must be remanded. This requirement could not have been put more directly or succinctly by the Federal Circuit: “[W]e hold that the [Veterans Claims Assistance Act] notice errors should be presumed prejudicial, requiring reversal unless the VA can show that the error did not effect the essential fairness of the adjudication. To do this, the VA must persuade the reviewing court that the purpose of the notice was not frustrated.” Id. (emphasis added).
Fourth, in Sanders, the Federal Circuit went to great pains to explain how such a method of analysis fits within the general rule of prejudicial error, stating that “[a] presumption of prejudice does not require reversal in all instances of [section 5103(a)] notice error. Only in situations where the VA cannot rebut the presumption would reversal be warranted.” Id. at 891 (emphasis added).
Newhouse followed Sanders. Newhouse v. Nicholson, 497 F.3d at 1300 (Fed.Cir.2007). In Newhouse, the Federal Circuit upheld this Court’s finding of a non-prejudicial notice error, holding that we have the statutory obligation to take into account whether prejudicial error existed, even in the absence of a Board finding on that issue. Id. at 1302. The Federal Circuit, thus, dismissed the appellant’s argument that when notice error was found, the Court had to remand the matter to the Board for it to determine in the first instance whether the error was harmless. Nowhere in the decision does Newhouse reheve the Secretary of his burden under Rule 28(b) to articulate his case for nonprejudicial error. Indeed, the Newhouse decision goes on to quote Sanders with approval for the proposition that “the Secretary is required to persuade the [C]ourt that the purpose of the notice was not frustrated — e.g., by demonstrating ... that any defect in the notice was cured by actual knowledge on the part of the claimant.” Newhouse, 497 F.3d at 1302 (quoting Sanders, 487 F.3d at 887) (emphasis added). The Federal Circuit’s discussion in Newhouse of review of the administrative record to make a prejudice determination must be read in the factual context of that decision.
In Mlechick, decided after Newhouse, the Federal Circuit overruled this Judge’s single-judge decision, relying on Pelegrini v. Principi to find that it would be speculative and, thus, impossible to apply the rule of prejudicial error in certain circumstances where the appellant established a notice error. Mlechick v. Mansfield, 503 F.3d 1340, 1344 (Fed.Cir.2007); see also Pelegrini v. Principi, 18 Vet.App. 112, 120 (2004). Mlechick cites both Sanders and Newhouse in its decision, stating:
Given this framework [i.e., the framework established in Sanders and New-house], the Veterans Court should have first presumed that any inadequacies in the notice [Mr.] Mlechick received were prejudicial. See [Sanders, 487 F.3d at 889]. Next, the Veterans Court should have determined whether VA had overcome the presumption that the notice error was prejudicial by demonstrating that the “error did not affect the essential fairness of the adjudication.” Id. In conducting this inquiry the Veterans Court can review the entire “record of the proceedings before the Secretary and the Board” in determining whether an error was non-prejudicial. Newhouse *54 [, 497 F.3d at 1302]; 38 U.S.C. § 7261(b)(2). Thus, the Veterans Court’s inquiry should have included a review of the record to determine if VA had met its burden of showing that the notice error was non-prejudicial.
503 F.3d at 1345 (emphasis added). In short, in assessing the prejudicial effect of a notice error, the Court’s review of the administrative record is not intended to be an unrestrained review but is limited to determining the validity of the Secretary’s allegations that the error in the notice was not prejudicial.
Most recently, the Federal Circuit decided Wilson v. Mansfield, 506 F.3d 1055 (Fed.Cir.2007). In Wilson, the issue was whether section § 5103(a) requires VA to advise the veteran of precisely what evidence was missing in his claims file in order for the claim to be successful. The Federal Circuit found section 5103(a) was not so inclusive. Wilson is significant, however, in that the Federal Circuit, as the majority does here, recognizes the extensive nature of the procedures involved in the adjudication of a claim for VA benefits. Id. at 1060-62. Unlike the conclusion drawn by the majority, however, Wilson does not hold that those procedures provide an alternative basis for finding section 5103(a) notice compliance. Indeed, Wilson cites Sanders and the Federal Circuit’s decision in Mayfield for the proposition that section 5103(a) notice is intended to require VA to provide affirmative notification to the claimant prior to the initial decision in the case, and not that post-adjudicatory procedures can serve to render a notice error non-prejudicial through their existence alone. Id. at 1062.

2. Application of the Federal Circuit Decisions to the Majority Opinion

In considering the application of recent Federal Circuit precedent in this case, it is important to note that, other than an argument based on our now defunct Mayfield analysis, the only argument made by the Secretary that any notice error should be found harmless is that Mr. Vasquez-Flores had actual knowledge of the notice elements and, thus, the purpose for which the notice requirement was instituted was not frustrated.[4]
The majority makes several important omissions when quoting the abundance of recent Federal Circuit precedent regarding section 5103(a) notice. Although the majority cites Sanders and this Court’s Rule 28(a) for the proposition that “an appellant generally must demonstrate error,” the words “demonstrate error” only appear in Sanders, which explains that its holding “does not displace the rule that the claimant bears the burden of demonstrating error in the [section 5013(a)] notice.” See ante at 8; see also Sanders, 487 F.3d at 891 (citing Rule 28(a)) (emphasis added). However, the majority fails to find that this rule applies to the Secretary under Rule 28(b), which makes Rule 28(a) applicable to the Secretary’s briefing as well.[5] This is important where, as here, the majority would seek to impose a pleading requirement on an appellant to show a notice error, but would not, in turn, require the Secretary to so plead a theory under which the alleged error did not re- *55 suit in prejudice. As explained below, the majority would decline to do so, as it would prefer to conduct an unrestrained search of the record to look to post-initial-adjudication procedures to support findings of no prejudice in cases where the Secretary is otherwise unable to rebut the presumption of a prejudicial notice error. Cf. Sanders, 487 F.3d at 889 (“[W]e hold that the [section 5103(a)] notice errors should be presumed prejudicial, requiring reversal unless the VA can show that the error did not affect the essential fairness of the adjudication.”); see also Mlechick, 503 F.3d at 1345 (same).
The majority’s application is wrong on two counts. First, the Secretary failed to make any argument that procedures following the initial adjudication eliminated the presumptive prejudice of the notice error. Because of this pleading failure, and because the Secretary presented no other viable arguments that any notice errors were rendered non-prejudicial, reversal is required under Sanders. Sanders, 487 F.3d at 889; see also U.S. Vet.App. R. 28(b). Second, the Federal Circuit has on several occasions expressed its view that post-adjudication procedures alone cannot satisfy the fundamental purpose for which the pre-adjudication notice requirements of 5103(a) were established. See Sanders, 487 F.3d at 886 (“VA’s duty to notify cannot be satisfied ‘by various post-decisional communications from which a claimant might have been able to infer what evidence the VA found lacking in the claimant’s presentation,’ as such post-decisional notices do not contain the 'same content or serve the same purpose as § 5103(a) notification.” (quoting Mayfield, 444 F.3d at 1333-34)). The majority’s attempt here to establish that the notice may be provided at any time prior to the Board’s decision — the decision we review — is clearly at odds with the Federal Circuit’s holding in Mayfield and with the purpose of section 5013(a). See ante n. 2; see also Mayfield, 444 F.3d at 1333 (“The purpose of [section 5103(a)] and the corresponding regulation is to require that the VA provide affirmative notification to the claimant prior to the initial decision in the case .... [and] is not satisfied by various post-decisional communications.... ”). The majority’s view would, in effect, define the “initial decision” as the Board decision. Given the clear statements of the Federal Circuit in its decision in Mayfield and in its 'post-Mayfield decisions to the contrary, such an interpretation is simply wrong. I do not suggest that the Court is prohibited from considering, in a particular case, the facts that occur in the VA adjudication scheme along with other facts in the record in order to determine, upon proper pleading by the Secretary, that despite not receiving proper 5103(a) notice, the purpose of 5103(a) notice has not been frustrated and thus the claim’s adjudication has been essentially fair. However this Court must not ignore the importance of pre-initial-decision section 5103(a) notice, consistently reinforced by the Federal Circuit. By making the Board decision the point by which affirmative notice must be provided, it is the majority that puts blinders on the Court’s consideration of prejudicial error by determining that the mere participation in the VA adjudication scheme alone should erase the prejudicial effect of a 5103(a) notice violation.[6] If *56 Congress, in enacting section 5013(a), and the Federal Circuit, in interpreting it, meant for such a gaping exception to the rule of prejudicial error to exist, surely it would have referred to the administrative process in considering prejudice. However, it has not. Indeed, in its decision in May-field, the Federal Circuit found just the opposite; it found a 5103(a) notice error when the Board considered notices provided to Ms. Mayfield after the initial regional office decision but before she filed her Substantive Appeal to the Board as satisfying 5103(a) notice requirements.
Sanders provides three examples of situations that, if proven by the Secretary, could rebut the presumption of prejudice. Sanders, 487 F.3d at 889. The majority in this case subtly ignores the requirement of reversal, instead finding that where the Secretary has not rebutted the presumption of prejudice and the three enumerated examples do not apply, reversal may merely be “warranted.” Ante at 46. This is so because without ignoring the reversal requirement, the majority could not attempt to create a new route to a finding of no prejudice, stating that the Court should “consider whether the post-adjudicatory notice and opportunity to develop the case that is provided during the extensive administrative appellate proceedings leading to the final Board decision ... served to render any pre-adjudicatory notice error non-prejudicial.” Id. at 46-47; see ante n. 2. The Federal Circuit has had several opportunities, discussed supra, to provide additional examples that would require reversal where a notice error exists, but has not indicated that the post-adjudicatory process alone could serve to cure such notice deficiencies. See Wilson, 506 F.3d at 1062 (“Within this detailed procedural scheme, section 5103(a) serves to facilitate the claim process by ensuring ‘that the claimant be given the required information prior to the VA’s decision on the claim and enables the claimant to understand the process.... ’ ”). The point of the prejudice analysis in Sanders is to ensure “that the purpose of the notice was not frustrated.” Sanders, 487 F.3d at 889. I cannot agree with my colleagues that the Court can, sua sponte, look only to the post-adjudicatory proceedings to find that the purpose of providing claimants with proper pre-adju-dicatory section 5103(a) notice was not frustrated.
By expanding the recognized “examples” to the prejudice analysis beyond those endorsed by the Federal Circuit, the majority, at a minimum, induces confusion regarding how this Court is to apply this mysterious fourth example in determining whether a notice error is prejudicial. By judging the prejudicial effect of inadequate notice in terms of the subsequent adjudication of the claim, I believe the Court runs afoul of the original purpose of the duty to notify. Although the majority refers to the Federal Circuit’s recent Newhouse decision to support its view that it may scour the record for support of a finding of no prejudice in the absence of allegations by the Secretary, nowhere in the Newhouse decision, nor in Mlechick or Wilson does the Federal Circuit abandon Sanders’ command to reverse the Board’s decision if the Secretary fails to fulfill his obligation to rebut the presumption of prejudice. Nor do those decisions suggest that the Court can use only the appellate history of a claim to find that the purpose of pre- *57 decisional notice was satisfied. Indeed, in the dissent from the denial of full-Court consideration in Overton, three judges of this Court believed that the majority had improperly shifted its focus away from compliance with the duty to notify prior to the initial adjudication. See Overton, 20 Vet.App. at 500 (en banc; Hagel, J., Davis, J., and Schoelen, J., dissenting) (“The effect of the Court’s decision is that compliance with section 5103(a) now plays second fiddle to this Court’s determination as to whether a claimant engaged in ‘meaningful participation’ in the processing of the claim.”).
Finally, and perhaps most significantly, the majority, after advocating their new example, finds that it has no application in this case, rendering the exercise contained in sections A(4) and A(5) quintessential obiter dicta. See, e.g., Black’s Law Diotionary 1100 (7th ed.1999) (“A judicial comment made during the course of delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential.”). The majority’s creation of a new example by which the Court may find a notice error non-prejudicial when that example is neither applicable in this case nor argued by the parties, is far from necessary to the resolution of this case. At best it can be said that the majority recognizes an issue that may someday be raised and thus require resolution by the Court, but its attempt here to answer a question not dispositive of the appeal renders the discussion non-prece-dential.
For reasons unknown to me and despite the Federal Circuit’s continued insistence on compliance with the pre-adjudicatory notice requirements of the Veterans Claims Assistance Act, my colleagues persist in their quest to find no prejudice through a review of post-adjudicatory procedures. As a consequence, I concur only in the result and again voice my concern with the majority’s language as it amounts to the subtle yet clear minimization of the duty to notify. In the end, I disagree with my colleagues to the extent that they might suggest that an appellant’s post-adjudicatory participation in the overall VA appellate process could alone render a duty-to-notify error non-prejudicial, their apparent view that the Court, in section 5103(a) notice cases, is free to search the record for reasons not pled by the Secretary in order to find harmless error, and their failure to properly apply the law of the Federal Circuit.

. I have expressed my view that it is best to develop a general test for the application of the rule of prejudicial error that can be applied in all cases, rather than to devise a special test applicable only to section 5103(a) notice cases. See Overton v. Nicholson, 20 Vet.App. 494, 498 (2006) (denying full-Court consideration; Hagel, J., Davis, J., and Schoelen, J., dissenting). I believe such a general test could, if so formulated, include a more general use of the administrative record for consideration of the facts of each case to determine whether a notice error is prejudicial. However, the Federal Circuit has found, for the persuasive reasons stated in Sanders, that a special test is to be used in deciding cases in which a section 5103(a) notice error is found. We are, of course, required to follow that precedent.

. Rule 28(a) of the Court's Rules of Practice and Procedure states in full:
The appellant must file a brief which, unless the appellant is self-represented and submits an informal brief pursuant to subsection (I), must contain, in the following order, the appropriate division headings and following separate divisions: (1) A table of contents, with page references; (2) a table of cases (alphabetically listed), statutes, and other authorities cited, with references to the page of the brief where they are cited, unless the case is expedited under Rule 47; (3) a statement of the issues; (4) a statement of the case, showing briefly the nature of the case, the course of proceedings, the result below, and the facts relevant to the issues, with appropriate references to the record on appeal; (5) an argument, beginning with a summary and containing the appellant’s contentions with respect to the issues and the reasons for those contentions, with citations to the authorities and parts of the record on appeal relied on; and (6) a short conclusion stating the precise relief sought.

.As recognized by the majority, briefs of self-represented appellants are governed by Rule 28(1), which exempts them from adhering to the form set forth in Rule 28(a), and which provides: "Only a self-represented party may submit, without regard to the requirements of subsection (a) and Rule 32, an informal brief on the form provided by the Court.”

. After the Federal Circuit’s decision in Sanders, both parties were given the opportunity to supplement their arguments with regard to prejudicial error. See Misc. Order No. 14-07 (July 3, 2007) (en banc order). The Secretary chose not to do so in this case.

. Rule 28(b)(1) states in full: "The Secretary must file a brief, which must conform to the requirements of subsection (a), but a statement of the issues or of the case need not be made unless the Secretary is dissatisfied with the appellant's statement.”

. See 38 U.S.C. § 5103(a) (requiring VA to provide notice to a claimant upon receipt of a "substantially complete application” for benefits); see also 38 U.S.C. § 7105(b) (Notice of Disagreement "shall be filed within one year from the date of mailing the notice of the result of the initial review or determination” (emphasis added)); see also 38 U.S.C. § 7105(a) ("Appellate review will be initiated by a [N]otice of [Djisagreement and completed by a [Sjubstantive [A]ppeal after a statement of the case is furnished....”). There *56 are, in my view, three distinct stages in the VA adjudication process: The initial decision, appellate status at the agency of original jurisdiction (which is triggered by a Notice of Disagreement), and the appeal to the Board (which commences with the filing of the Substantive Appeal). The Federal Circuit's Sanders holding that proper notice must be provided before the initial adjudication is, in my view, logically within this framework.