NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTHONY D. RUSSELL,**
*Claimant-Appellant,*

**v.**

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7055

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-2732, Judge Robert N. Davis.

---

Decided: December 8, 2014

---

DAVID E. BOELZNER, Goodman, Allen & Filetti, of Richmond, Virginia, argued for claimant-appellant.

ALEXANDER O. CANIZARES, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were DAVID J.

BARRANS, Deputy Assistant General Counsel, and TRACEY P. WARREN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

_____

Before NEWMAN, PLAGER, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

During proceedings for his claims for an increase in veterans benefits, Anthony Russell requested that the Department of Veterans Affairs specifically notify him, pursuant to 38 U.S.C. § 5103(a), of the nature of the evidence he could submit to substantiate his claims. The Board of Veterans' Appeals and the Court of Appeals for Veterans Claims found that the Secretary met its obligations under § 5103(a). Because we lack jurisdiction to determine whether, in a given case, the Secretary has complied with the notice requirements of § 5103(a), we dismiss Mr. Russell's appeal for lack of jurisdiction.

I

Mr. Russell served in the Army between July 1979 and August 2000. In 1999, he sought service connection for tinea versicolor, a skin condition characterized by patches of skin that vary in color, shape, and size. The Secretary granted service connection in October 2000, but it also awarded a disability rating of 0% for the disability. Mr. Russell appealed to the Board. In April 2002, the Secretary mailed a letter notifying Mr. Russell about the claims process and the evidence he should submit to support his claims.

During the pendency of Mr. Russell's appeal, a regional office awarded 10% and then 30% disability ratings for his skin condition under 38 C.F.R. § 4.118 (2002), Diagnostic Code 7806 (DC 7806). In January 2005, the Board denied a disability rating in excess of 30% under DC 7806, which provides an increased rating of 50% for,

among other things, "exceptionally repugnant" skin conditions. Mr. Russell appealed this decision to the Veterans Court, and the parties agreed to a remand.

Following remand by the Veterans Court, the Board issued a decision ordering an examination to determine the current severity of his service-connected skin condition. A few weeks later, in January 2008, the Secretary again mailed a letter notifying Mr. Russell about the claims process and additional evidence he should submit to support his claims. For example, the letter stated that Mr. Russell "may submit statement[s] from other individuals who are able to describe from their knowledge and personal observations in what manner your disability has become worse." J.A. 100.

In May 2012, after further proceedings and during a subsequent remand from the Veterans Court, Mr. Russell's counsel, citing 38 U.S.C. § 5103(a), asked the Board to "notify him of the nature of the evidence that would substantiate" the criteria for "exceptional repugnance" under DC 7806. J.A. 118–19.

The Board issued a decision in July 2012, finding that the duty to notify Mr. Russell under § 5103(a) was met by way of the 2002 and 2008 letters sent to him from the Secretary. The Board also found that Mr. Russell and his representative had not "made the regional office or the Board aware of any additional evidence that needs to be obtained in order to fairly decide his appeal." J.A. 16. Turning to the merits of his claim, the Board found that there was no evidence in the record indicating Mr. Russell met the criteria of his claims and that his skin condition "is not repugnant in nature, much less exceptionally repugnant." J.A. 20. Accordingly, the Board denied Mr. Russell's claim for an increased rating for his skin condition. Mr. Russell then appealed to the Veterans Court, which affirmed the Board's decision.

Mr. Russell appeals.  Because we lack jurisdiction under 38 U.S.C. § 7292, we dismiss the appeal.

## II

Our jurisdiction over appeals from the Veterans Court is limited.  We may review all questions of law, but absent a constitutional issue, we lack jurisdiction to review a challenge to a "factual determination" or "law or regulation as applied to the facts."  38 U.S.C. § 7292(d); *Stallworth v. Shinseki*, 742 F.3d 980, 983 (Fed. Cir. 2014) (citing 38 U.S.C. § 7292).

The Veterans Claims Assistance Act of 2000 provides that on receipt of an application for veterans' benefits, the Secretary "shall notify the claimant . . . of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim."  Pub. L. No. 106-475, 114 Stat. 2096 (codified at 38 U.S.C. § 5103(a)).  Mr. Russell argues that the Secretary did not comply with 38 U.S.C. § 5103(a) because the Secretary did not address his May 2012 request for an explanation of the meaning of "exceptionally repugnant" in DC 7806, which he claims would have enabled him to substantiate his claim.  But "whether, in a given case, the VA has complied with the notice requirements of section 5103(a) is a factual issue."  *Garrison v. Nicholson*, 494 F.3d 1366, 1370 (Fed. Cir. 2007).  And to the extent that Mr. Russell suggests that § 5103(a) "requires the [Secretary] 'to identify with specificity the evidence necessary to establish the claim,'" *Wilson v. Mansfield*, 506 F.3d 1055, 1060 (Fed. Cir. 2007) (quoting *Paralyzed Veterans of Am. v. Sec'y of Veterans Affairs*, 345 F.3d 1334, 1347 (Fed. Cir. 2003)), we already have rejected that contention.  Here, the Veterans Court found that the Board complied with the notice requirements of § 5103(a).  Accordingly, we lack jurisdiction to hear Mr. Russell's appeal.

We have considered Mr. Russell's remaining arguments and conclude that they are without merit.  Accord-

ingly, we dismiss Mr. Russell's appeal for lack of jurisdiction.

## DISMISSED

No costs.