NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID FORSYTHE,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1610

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-4449, Judge Grant Jaquith.

---

Decided:  March 24, 2023

---

FALEN M. LAPONZINA, ADVOCATE Nonprofit Organization, Washington, DC, argued for claimant-appellant.

RETA EMMA BEZAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY; JULIE HONAN, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before CHEN, MAYER, and HUGHES, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* HUGHES.

Dissenting opinion filed by *Circuit Judge* MAYER.

HUGHES, *Circuit Judge.*

David Forsythe appeals a decision from the United States Court of Appeals for Veterans Claims holding that the pre-decision evidentiary notice he received from the Department of Veterans Affairs was legally sufficient. Because we find that the agency did not have to wait until he submitted a claim to provide an evidentiary notice, and that, regardless, the timing of the notice was not prejudicial, we affirm.

I

Mr. Forsythe served in the United States Navy from July 1987 to July 1990. In February 1988, he suffered a contusion to his left shoulder after falling. X-rays taken at the time of injury showed no dislocation or any other injury, and he was prescribed Motrin. By March 1988, his shoulder condition had resolved. Mr. Forsythe's separation examination report in 1990 showed no residual shoulder conditions, and Mr. Forsythe reported that he had no issues with his left shoulder at a 1993 examination.

Nearly 30 years later, in March 2019, Mr. Forsythe visited a private physician for left shoulder pain and dysfunction. Mr. Forsythe reported that he injured his shoulder during his military service by lifting a 60-pound generator onto a helicopter, and based on that statement, the private physician concluded that his shoulder injury was more likely than not related to his service. There is nothing in the record showing that Mr. Forsythe received medical care for a shoulder injury resulting from lifting the generator while he was in the Navy. Soon after, Mr. Forsythe applied

for disability benefits for a left shoulder condition by submitting a claim on VA Form 21-526EZ. Before submitting his claim, he signed to certify that he had "received the notice attached to this application titled, Notice to Veteran/Service Member of Evidence Necessary to Substantiate a Claim for Veterans Disability Compensation and Related Compensation Benefits.'" Appx54 (emphasis removed). As part of his application package, Mr. Forsythe included the 2019 medical report and opinion from the private physician, as well as a statement in support of his claim identifying the evidence he was submitting.

After submitting his claim, Mr. Forsythe underwent a VA medical examination. The agency examiner determined that Mr. Forsythe's shoulder condition was less likely than not related to his service because (1) his X-rays at the time of injury were normal, (2) Mr. Forsythe reported that his injuries were resolved at a follow-up visit, and (3) there was no indication of any chronic or recurring shoulder issues in 1990 or 1993 service examinations. After considering both the VA examination and the private medical examination, the agency denied Mr. Forsythe's claim, and he appealed to the Board of Veterans' Appeals. The Board denied service connection for left shoulder pain and dysfunction, finding no nexus between Mr. Forsythe's current shoulder condition and his service. In particular, the Board found the VA examination report and service records to be more probative than the private medical report.

Mr. Forsythe appealed to the Veterans Court. Along with challenging the denial of service connection, Mr. Forsythe argued that he received inadequate notice about what evidence was needed to substantiate his claim in violation of 38 U.S.C. § 5103(a) and 38 C.F.R. § 3.159(b)(1). But the Veterans Court rejected that argument, noting that "the law 'requir[es] only generic notice,' not an individualized explanation of the specific evidence required for each case." Appx10 (alteration in original) (quoting *Wilson*

*v. Mansfield*, 506 F.3d 1055, 1059–60 (Fed. Cir. 2007)). The Veterans Court provided links to both the March 2018 and September 2019 versions of VA Form 21-526EZ, and added that the "form notice explained what a veteran needed to do to submit a claim" and "described the information and evidence the veteran needed to submit based on the claim processing chosen by the veteran." Appx10, n.3. The Veterans Court found that the content of the notice satisfied the agency's statutory duty to assist under § 5103(a). Accordingly, the Veterans Court found that there was no error by the Board.

Mr. Forsythe filed a motion for reconsideration or, in the alternative, a panel decision. Along with challenging the adequacy of the content of the notice, Mr. Forsythe argued that the agency erred by providing notice on the claim form itself, rather than waiting until after he had submitted his claim to provide a more individualized notice of the evidence required to substantiate his claim. On January 12, 2022, a three-judge panel ordered that the single-judge decision remain the decision of the court. This appeal followed.

## II

Our review of decisions from the Veterans Court is limited by statute. "[A]ny party to the case may obtain a review of [a Veterans Court] decision with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). Except to the extent that an appeal presents a constitutional issue, we lack jurisdiction to review any "challenge to a factual determination" or any "challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). We review statutory and regulatory interpretations of the Veterans Court de novo. *Gazelle v. Shulkin*, 868 F.3d 1006, 1009 (Fed. Cir. 2017).

### III

Mr. Forsythe's arguments require us to interpret 38 U.S.C. § 5103(a), the statute that directs the agency to provide evidentiary notice, as well as the corresponding enacting regulation, 38 C.F.R. § 3.159(b)(1). We first review the statute and regulation to determine whether the agency was required to wait until after Mr. Forsythe submitted his claim to provide notice, and then whether, if such a timing requirement existed, providing that notice on the claim form constitutes prejudicial error.

### A

Starting with the statutory text, the current version of 38 U.S.C. § 5103(a) does not require the agency to wait to provide notice until after it receives a veteran's application. Before it was amended in 2012, § 5103(a) read as follows:

> **Upon receipt of a complete or substantially complete application**, [the VA] shall notify the claimant . . . of any information, and any medical or lay evidence, not previously provided to [the VA] that is necessary to substantiate the claim.

38 U.S.C. § 5103(a)(1) (2006) (emphasis added). When this section was amended, Congress struck the bolded language. The statute now reads:

> [The VA] shall provide to the claimant . . . by the most effective means available, including electronic communication or notification in writing, notice of any information, and any medical or lay evidence, not previously provided to [the VA] that is necessary to substantiate the claim.

38 U.S.C. § 5103(a)(1). This amendment explicitly removed the requirement that the agency provide notice *after* receiving a complete or substantially complete application from the claimant.

It is also telling that Congress removed this temporal requirement following testimony from the agency about the inefficiencies of providing notice after a claim was filed. A House Committee Report discussing the proposed language explains that the amendment "would remove the requirement that the [notice] be sent only after receipt of a claim, thereby allowing VA to put notice on new claim forms," and would encourage veterans "to take additional time to find, procure, and submit private medical evidence before submitting their claim." H.R. Rep. No. 112-241, at 9 (2011). The report also emphasizes that "it is imperative that when VA moves the [notice] *onto the application form itself*, it continues to keep in place a system that acknowledges receipt of all submitted claims." *Id.* (emphasis added). This legislative history shows that Congress explicitly envisioned that the agency would put the notice on the claim application form, and by consequence, claimants would receive and review this notice *before* submitting their claim.

Despite the change in statutory language and its associated legislative history, Mr. Forsythe argues that the agency violated § 5103(a) by providing him with an evidentiary notice on the claim form, rather than waiting until after he submitted his claim to provide such notice. In doing so, Mr. Forsythe relies on the repealed language of the statute, as well as the legislative and regulatory history, from *before* the 2012 amendment was enacted. Appellant's Br. 11–15. Mr. Forsythe does not provide any reason for this court to consider the pre-amendment version of the statute, nor can he. Mr. Forsythe filed his claim in 2019, several years after the new statute went into effect. We therefore find that the agency was not required by statute to wait until Mr. Forsythe had submitted his application to provide him with the evidentiary notice.

B

Mr. Forsythe also argues that the enacting regulation requires the agency to wait until after a claim is submitted to provide an evidentiary notice. Section 3.159(b)(1) reads as follows:

> **[W]hen VA receives a complete or substantially complete initial or supplemental claim**, VA will notify the claimant of any information and medical or lay evidence that is necessary to substantiate the claim . . . .

38 C.F.R. § 3.159(b)(1) (emphasis added). Although the bolded temporal language is still present in the current version of the regulation, this language stems from the pre-2012 version of § 5103(a), Duty to Assist, 66 Fed. Reg. 45,620, 45,630 (Aug. 29, 2001) (Final Rule), and has not been substantively amended since the statute was amended.

As discussed above, Congress amended § 5103(a) to repeal the temporal requirement after hearing testimony from the agency about the delays under the old claims system. And the regulatory history following the amendment shows that the agency intended for the regulations to reflect the amended statute. For example, in a 2013 notice of proposed rulemaking about the new claim forms, the agency explained that "[t]o the extent there is any inconsistency between VA's current notice and assistance rules and the current statute as amended by Public Law 112-154, the statute clearly governs." Standard Claims and Appeals Forms, 78 Fed. Reg. 65,490, 65,495 (Oct. 31, 2013). The agency then said that it was "examining whether 38 C.F.R. [§] 3.159 should be amended to account for the new statute, but [it] believes the statute is clear authority for the changes affecting how VA provides notice [as proposed] here." *Id.* Thus, it is unlikely that the agency intended to independently re-impose the very temporal limit that

Congress repealed. Instead, the regulatory history shows that this provision is outdated.[1]

## IV

Even if the regulation imposes an independent temporal requirement on the agency to provide notice after a claimant submits an application, its failure to send the notice after receipt of a claim is harmless error. The content of the notice Mr. Forsythe received was sufficient as a matter of law, and furthermore, Mr. Forsythe does not explain why his claim application was impacted by *when* he received the notice. Thus, any error resulting from Mr. Forsythe receiving the notice "too early" cannot be prejudicial.

First, Mr. Forsythe argues that, by providing the notice directly on the claim form, the agency was unable to "review . . . the application and accompanying evidence to determine what is missing, [and issue] a notice tailored to the Veteran's claim . . . ." Appellant's Br. 14. In other words, Mr. Forsythe seeks an individualized notice tailored to his claim. But we squarely rejected that requirement in *Wilson*. There, we held that neither § 5103(a) nor § 3.159(b) required the agency to provide an evidentiary notice tailored to each individual claim because the statute requires "only generic notice." *Wilson*, 506 F.3d at 1059–60. Mr. Forsythe received such a notice and certified that he received that notice. Mr. Forsythe asks us to ignore *Wilson* because

---

[1]    We do not need to decide whether the regulation imposes an independent temporal requirement because, as discussed in the next section, there could be no prejudicial error from sending the notice too early. That being said, it has now been over ten years since Congress amended § 5103(a) and since the agency expressed a potential need to amend the regulation. To avoid further confusion, we urge the Secretary to amend this regulation to reflect the statute.

it was decided before Congress amended § 5103(a), but we have reiterated this holding after the amendment, as well. *See, e.g.*, *Russell v. McDonald*, 586 F. App'x 589, 590–91 (Fed. Cir. 2014) (nonprecedential). Accordingly, because the agency did not have to provide Mr. Forsythe with an individually tailored evidentiary notice, the notice that Mr. Forsythe received was legally sufficient.

Second, Mr. Forsythe does not explain why his application was hindered by receiving the evidentiary notice *too early*. For example, Mr. Forsythe explains that "[h]e would have submitted private records," Appellant's Reply Br. 12, but Mr. Forsythe *did* submit records from a private medical examination despite receiving the notice before submitting his claim. Mr. Forsythe also claims that he "would have gathered and submitted additional evidence to substantiate his claim that he previously was unaware the VA would accept." Appellant's Reply Br. 12. But he does not explain specifically why receiving the notice early prevented him from collecting and submitting the evidence he had. If Mr. Forsythe wanted to submit more evidence in support of his claim, the timing of when he received the notice could not have, for example, prevented him from filing a supplemental claim and asking the agency to gather evidence from other private providers through Form 21-4142. *See Supplemental Claims*, U.S. Dep't of Veterans Affs., https://www.va.gov/decision-reviews/supplemental-claim (last visited Mar. 14, 2023). Thus, we see no circumstance in which there could have been prejudicial error resulting from Mr. Forsythe receiving the notice too early.

Because the notice Mr. Forsythe received was legally sufficient, and because receiving the notice early could not have had any bearing on how Mr. Forsythe handled his claim, we conclude that any error resulting from receiving the notice as part of the claim application form was harmless.

V

We have considered the rest of Mr. Forsythe's arguments and find them unpersuasive. As a result, we affirm the Veterans Court's decision finding that the agency satisfied its pre-decision notice requirement.

**AFFIRMED**

COSTS

No costs.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID FORSYTHE,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1610

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-4449, Judge Grant Jaquith.

---

MAYER, *Circuit Judge*, dissenting.

If the Department of Veterans Affairs ("VA") is to fulfill its duty to serve veterans injured in the line of duty, see 38 U.S.C. § 1110, it must, at a minimum, provide clear and timely notice regarding how to file and substantiate a claim for service-connected disability benefits. On this front, implementation of 38 C.F.R. § 3.159(b)(1), the VA's regulation related to its responsibility to notify a veteran of the evidence necessary to develop a claim, falls far short of the mark. That regulation, in relevant part, provides:

> *[W]hen VA receives a complete or substantially complete initial or supplemental claim*, VA will notify

> the claimant of any information and medical or lay
> evidence that is necessary to substantiate the claim
> (hereafter in this paragraph referred to as the "no-
> tice").  In the notice, VA will inform the claimant
> which information and evidence, if any, that the
> claimant is to provide to VA and which information
> and evidence, if any, that VA will attempt to obtain
> on behalf of the claimant.

*Id.* (emphasis added).

By its plain terms, section 3.159(b)(1) says that *after* the VA receives a veteran's claim for benefits, it will send notice of any information or medical or lay evidence that is necessary to substantiate that claim.  It is undisputed, however, that the VA did not send such notice after receipt of David Forsythe's claim, but only attached the notice to VA Form 21-526EZ, the standard form used by veterans to file disability claims.  In other words, although its own regulation requires the VA to send the notice after the receipt of a veteran's claim, the agency only provided it at the start of the claims process.

On appeal, the government does not dispute that the VA's practice of only providing notice prior to the receipt of a claim is inconsistent with the plain language of section 3.159(b)(1).  It attempts to brush aside the VA's non-compliance with its own regulation, however, by asserting that: (1) if there is an inconsistency between a statute and a regulation an agency has issued pursuant to that statute, the statute controls; and (2) since section 3.159(b)(1)'s requirement that the VA send notice after the receipt of a claim is inconsistent with 38 U.S.C. § 5103(a)(1), that statute controls.  *See* Appellee's Br. 15–17.  The fundamental flaw in this argument is that nothing in the language of the current version of section 5103(a)(1) is inconsistent with sending notice after the receipt of a veteran's claim.  That statute, in relevant part, states:

> [T]he Secretary shall provide to the claimant and
> the claimant's representative, if any, by the most
> effective means available, including electronic com-
> munication or notification in writing, notice of any
> information, and any medical or lay evidence, not
> previously provided to the Secretary that is neces-
> sary to substantiate the claim. As part of that no-
> tice, the Secretary shall indicate which portion of
> that information and evidence, if any, is to be pro-
> vided by the claimant and which portion, if any, the
> Secretary, in accordance with [38 U.S.C. § 5103A]
> and any other applicable provisions of law, will at-
> tempt to obtain on behalf of the claimant.

38 U.S.C. § 5103(a)(1).

While section 5103(a)(1) spells out, in general terms, what the VA needs to include in the notice it provides to veterans, it does not specify when that notice should be provided. Accordingly, the government's argument that the VA need not comply with the timing requirement of section 3.159(b)(1) because it is inconsistent with section 5103(a)(1) falls flat.

The government notes that section 5103(a)(1) previously began with the phrase "[u]pon receipt of a complete or substantially complete application," 38 U.S.C. § 5103(a)(1) (2008), but that Congress eliminated that phrase when it amended the statute in 2012. *See* Appellee's Br. 9–10. The government further notes that certain statements contained in the legislative history of the 2012 amendment support the view that it was intended to eliminate the requirement that the VA send notice after the receipt of a claim. *Id.* at 10 (citing H.R. Rep. No. 112-241, at 9 (2011)). Thus, in the government's view, Forsythe, the veteran here, is not entitled to rely on the plain language of section 3.159(b)(1) regarding the timing of the VA's notice because the legislative history of the 2012 amendment

to section 5103(a)(1) indicates that Congress intended to eliminate the requirement of post-claim notice.

The short answer to this argument is that this intent did not explicitly make it into the law, and a veteran should not be forced to compare and contrast different iterations of a statute and conduct a thorough study of its legislative history in order to divine the interpretation of an implementing regulation. Rather, he should be entitled to assume that the VA means what it says when it states, in section 3.159(b)(1), that notice regarding what further evidence is necessary to substantiate a claim will be sent after receipt of the claim. *See, e.g.*, *Comer v. Peake*, 552 F.3d 1362, 1369 (Fed. Cir. 2009) (explaining that "[t]he VA disability compensation system is not meant to be a trap for the unwary, or a stratagem to deny compensation to a veteran who has a valid claim, but who may be unaware of the various forms of compensation available to him").

Importantly, moreover, even assuming that Congress intended that the 2012 amendment would eliminate the requirement that the VA send notice after receipt of a claim, the government points to nothing in the relevant legislative history suggesting that Congress intended to prohibit the agency from doing so. Accordingly, even viewing section 5103(a)(1) through the prism of the legislative history cited by the government, the statute is not inconsistent with a choice by the VA to implement a policy to provide notice even in the post-claim period.

Finally, apart from the timing issue, there are significant questions as to whether the VA's standard notice, from a substantive perspective, is sufficient to apprise veterans of the evidence necessary to bring a successful claim for disability benefits. In *Wilson v. Mansfield*, we held that while section 5103(a)(1) does not "require[] specific notice of the missing evidence with respect to a particular claim," the notice provided by the VA must nonetheless "identify the information and evidence necessary to substantiate *the*

*particular type of claim* being asserted by the veteran." 506 F.3d 1055, 1059 (Fed. Cir. 2007) (emphasis added). However, the notice attached to VA Form 21-526EZ covers claims for *twelve* different types of VA benefits, most of which have distinct evidentiary requirements, making it difficult for a veteran to ascertain precisely what kind of evidence must be submitted. *See Mayfield v. Nicholson*, 444 F.3d 1328, 1333 (Fed. Cir. 2006) (explaining that section 5103(a)(1) requires the VA to issue notice "in a form that enables the claimant to understand the process" for obtaining disability benefits). Furthermore, while the VA's notice refers to "lay evidence," it does not necessarily convey, in plain terms, that a claim for disability benefits can, in certain circumstances, be supported by statements from those with whom a veteran served as well as statements from a veteran's relatives and friends. *See Buchanan v. Nicholson*, 451 F.3d 1331, 1333, 1337 (Fed. Cir. 2006) (noting that the veteran had "submitted several affidavits from lay witnesses, including his relatives, acquaintances, and a sergeant who led the unit to which [the veteran] was assigned in 1973," and explaining that if "the lay evidence presented by a veteran is credible and ultimately competent, the lack of contemporaneous medical evidence should not be an absolute bar to the veteran's ability to prove his claim of entitlement to disability benefits based on that competent lay evidence").

Forsythe contends, moreover, that the standard notice issued by the VA is "prohibitively dense," noting that it was composed using a very small, nine-point font and contains seven pages of single-spaced lines. Appellant's Reply Br. 7. He further asserts that many deserving veterans are deterred from filing claims because the standard notice is "complicated, overwhelming, confusing, [and] visually difficult to read" and fails to clearly explain the different requirements for the various types of available VA benefits. *Id.* at 8.

I would remand this case for the VA to apply its regulation.